**In re Petition for DISCIPLINARY ACTION AGAINST Michael H. DAUB, an Attorney at Law of the State of Minnesota.**

**No. C2–01–578.**

Supreme Court of Minnesota.

Oct. 4, 2001.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Michael H. Daub has committed professional misconduct warranting public discipline, namely, respondent failed to file or failed to timely file state and federal individual income tax returns, neglected and failed to communicate with his clients in six different representations, and failed to diligently pursue representations resulting in one client's case not being commenced within the statute of limitations in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.16, 3.2, 8.4(b) and (d).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is suspension for a minimum of four months subject to the following conditions:

a. The reinstatement hearing provided for in Rule 18(a) through (d), RLPR, is not waived.

b. Respondent shall successfully complete the professional responsibility portion of the state bar examination within one year of the date of this Court's order.

c. Respondent shall comply with Rule 26, RLPR.

d. Respondent shall pay $900 in costs pursuant to Rule 24(a), RLPR, and $21.89 as disbursements pursuant to Rule 24(b), RLPR.

e. Prior to reinstatement, respondent shall enter into agreements satisfactory to the Internal Revenue Service (IRS) and the Minnesota Department of Revenue (DOR) for the payment of all unpaid taxes. Respondent shall provide to the Director copies of the payment agreements and proof of currency on payments required by the agreements. If, prior to reinstatement, an agreement with the IRS and/or DOR has not been reached despite diligent effort by respondent, respondent shall report to the Director concerning his progress in reaching an agreement. Such reports

shall continue after reinstatement on a monthly basis until written agreements have been signed by both the IRS and DOR.

f. Respondent may apply for reinstatement 60 days prior to the expiration of his period of suspension but no reinstatement hearing will be scheduled to occur prior to the expiration of the minimum four-month suspension.

The parties further recommend that, upon reinstatement, respondent be placed on supervised probation for a period of two years under the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of his probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date respondent is reinstated. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of active client files by the first day of each month during the probation. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Within 30 days after his being reinstated to the practice of law, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with the probation requirements. Respondent shall provide progress reports as requested.

f. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

g. Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy

programs recommended by the therapist.

h. Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with the filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required herein without specific reminder or request.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Michael H. Daub is suspended from the practice of law for a minimum period of four months, effective 14 days from the date of this order, and that he pay $900 in costs and $21.89 in disbursements under Rule 24, Rules on Lawyers Professional Responsibility. Upon reinstatement, respondent shall be placed on supervised probation for two years.

BY THE COURT
Paul H. Anderson
Associate Justice