**In re Petition for REINSTATEMENT OF Michael H. DAUB, a Minnesota Attorney, License No. 21222.**

**No. A03–40.**

Supreme Court of Minnesota.

July 17, 2003.

### ORDER

On October 4, 2001, this court indefinitely suspended petitioner Michael H. Daub from the practice of law for a minimum of four months. *In re Daub,* 634 N.W.2d 174

(Minn.2001). The order provided that upon reinstatement, petitioner would be placed on supervised probation for two years subject to the following conditions:

a. [Petitioner] shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. [Petitioner] shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, [petitioner] shall provide authorization for release of information and documentation to verify compliance with the terms of his probation.

b. [Petitioner] shall abide by the Minnesota Rules of Professional Conduct.

c. [Petitioner] shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. [Petitioner] shall provide to the Director the names of four attorneys who have agreed to be nominated as [petitioner]'s supervisor within two weeks from the date [petitioner] is reinstated. If, after diligent effort, [petitioner] is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise the [petitioner] shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. [Petitioner] shall make active client files available to the Director upon request.

d. [Petitioner] shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. [Petitioner] shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. [Petitioner] shall submit to the supervisor an inventory of active client files by the first day of each month during the probation. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. [Petitioner]'s supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Within 30 days after his being reinstated to the practice of law, [petitioner] shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that [petitioner] is in compliance with the probation requirements. [Petitioner] shall provide progress reports as requested.

f. [Petitioner] shall maintain total abstinence from alcohol and other mood-altering chemicals, except that [petitioner] may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of [petitioner]'s chemical dependency before issuing the prescription.

g. [Petitioner] shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

h. [Petitioner] shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. [Petitioner] shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with the filing and

payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, [Petitioner] shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. [Petitioner] shall provide all of the documents and information required herein without specific reminder or request.

*Id.* at 175–76.

On March 6, 2003, petitioner filed a petition for reinstatement. Following a hearing before a panel of the Lawyers Board on Professional Responsibility, the panel found that petitioner had presented clear and convincing evidence of his moral fitness and competence to practice law and recommended reinstatement and two years of supervised probation subject to the conditions previously ordered by this court.

The Director of the Office of Lawyers Professional Responsibility, with the agreement of petitioner, has requested that the court consider the panel's recommendation without further briefing or hearing. The court concludes that reinstatement with two years of supervised probation subject to the previously ordered conditions is appropriate.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Michael H. Daub is reinstated to the practice of law effective immediately and is placed on supervised probation for two years subject to the conditions set forth above.

BY THE COURT:

/s/Paul H. Anderson
Associate Justice